Opinion issued April 14, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00399-CR

———————————

Clarence Ray Spiller, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 183rd District
Court

Harris County, Texas



Trial Court Case No. 1178726

 



 

MEMORANDUM OPINION

Appellant, Clarence Ray Spiller,
appeals a judgment convicting him for murder, for which he received life
imprisonment.  See Tex. Penal Code Ann.
§ 19.02(b)(1)–(2) (West
2003).  In his sole issue on appeal, appellant
contends the evidence is legally insufficient. 
We conclude the evidence is sufficient and affirm the trial court’s
judgment.  

Background

Appellant arrived at the Timber
Ridge Creek Apartments in Harris County in the late afternoon on August 13,
2008.  Appellant was returning from M.D.
Anderson Hospital, where he had taken Pam Hasty and her son for her son’s cancer
treatment.  Appellant parked his car on
the curb in front of the building that the Hastys shared with their neighbors,
the Knoxes.  Appellant was often around
the Timber Ridge Creek Apartments because he was dating Pam and both he and his
mother had been longtime friends of the Knox family.  

          When
appellant arrived, Shante Knox approached and said something to him.  The two began arguing.  Shante had a drink in a brown paper bag,
which she swung like a club at appellant. 
Shante ran back to her the door of her apartment, and appellant followed
closely behind.  The two ran around a
tree and behind the corner of a wall, where they were momentarily alone.  Shante had been “hollering for her mom and hitting
on the door [but] then it got quiet.”  Witnesses
saw Shante fall to the ground.

          Appellant
returned from behind the corner, quickly entered his car, and drove off.  Immediately, several witnesses, including the
Hastys and Reathey Knox, came upon Shante just outside the front door of the
Knox family’s apartment.  Shante was
bleeding profusely from multiple wounds: she had been stabbed in the bicep, cut
across the armpit, stabbed along her right jaw, cut on her left cheek, and stabbed
in the back of her neck, severing a major artery and cutting her spinal cord. 

The paramedics who responded to the
scene took Shante to the hospital, where she was pronounced dead after six
minutes.  Officers surveyed and secured
the scene, took statements from multiple witnesses, and collected DNA evidence
from the blood at the scene for analysis. 
The police were unable to locate any weapon at the scene.

Upon further investigation, police identified
appellant as a suspect in Shante’s murder. 
When they took appellant into custody at around 6:00 a.m., they searched
his car and found dried blood on the driver’s side door handle as well as small
reddish-brown spots on appellant’s hand and clothes.  The police officers found no murder weapon on
appellant or in his vehicle.  The police
took DNA swabs of the dried blood on the car door handle as well as the reddish-brown
spots on appellant’s hand and clothes. 
The three samples were later determined to match Shante’s DNA profile.  Further, the police noted, on appellant’s
right index finger, a fresh laceration, which they stated was consistent with
accidently self-inflicted knife wounds that occur during stabbings. 

At trial, the State presented
testimony of eyewitnesses who were present at the Timber Ridge Creek Apartments
that afternoon, police officers and crime scene investigators who responded to
the scene, officers who apprehended appellant, a forensic DNA analyst, and the
medical examiner who prepared the autopsy report.  After the State rested, appellant requested a
directed verdict, which was overruled. 
Appellant did not testify.  The
jury found appellant guilty of murder under a general verdict that did not
specify the indictment subsection under which he was convicted.  

Sufficiency of the Evidence

Appellant asserts that the State
failed to prove every element of murder beyond a reasonable doubt and that he
was accordingly entitled to a directed verdict. 
We construe a challenge to a trial court’s denial of a motion for
directed verdict as a challenge to the sufficiency of the evidence.  Canales
v. State, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003).  

A.              
Standard of Review

In reviewing the sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Swearingen v. State, 101
S.W.3d 89, 95 (Tex. Crim. App. 2003). 
Viewed in the light most favorable to the verdict, the evidence is
insufficient under this standard in two circumstances: (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense; or (2) the evidence conclusively establishes a reasonable doubt. See Jackson, 443 U.S. at 314, 318 n.11,
320, 99 S. Ct. at 2786, 2789 & n.11; Laster
v. State, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). 

In applying this standard, we defer
to the jurors as the exclusive judges of the credibility of the witnesses and the
weight given to a witness’s testimony.  Williams, 235 S.W.3d at 750.  A jury is entitled to accept one version of
the facts and reject another or reject any part of a witness’s testimony.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  In viewing the record, “[d]irect and
circumstantial evidence are treated equally: ‘circumstantial evidence is as
probative as direct evidence in establishing the guilt of an actor, and
circumstantial evidence alone can be sufficient to establish guilt.’”  Clayton
v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007) (quoting Hooper v.
State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)).  We presume the jury resolved any conflicting
inferences in favor of the verdict and defer to that resolution.  See
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.     

In analyzing whether circumstantial
evidence is sufficient, we must consider the “logical force of the combined
pieces of circumstantial evidence in the case, coupled with reasonable inferences
from [the circumstantial evidence].” Evans
v. State, 202 S.W.3d 158, 166 (Tex. Crim. App. 2006).  We must not conclude that the evidence is
insufficient merely by analyzing each fact in isolation, and we must not rely
on alternative inferences or explanations for isolated pieces of evidence.  Id.
at 164.  Instead, we are to view the
evidence “in combination and its sum total.” 
Id. at 166.  We determine whether the necessary inferences
are reasonable based upon the “combined and cumulative force” of the evidence when
viewed in the light most favorable to the verdict.  See
Clayton, 235 S.W.3d at 778.  

A person commits murder if (1) he
commits an act that causes the death of another and (2) he intended or knew
that death would result from the act or he intended that serious bodily injury
would result from the act and the act is clearly dangerous to human life.  Tex.
Penal Code Ann. §
19.02(b)(1)–(2).  

B.              
Analysis

Appellant asserts that the State
failed to establish that he was the perpetrator of the offense and that the
evidence fails to show he possessed or used a deadly weapon against Shante. 

The parties agree that no
eyewitness saw appellant stab or injure Shante. 
However, two witnesses saw appellant chase Shante around a corner.  Appellant and Shante were momentarily alone.  Then appellant immediately walked away from
the area, entered his car, and left the apartment complex.  Within moments, multiple witnesses found Shante’s
body.  No one else was present in the
immediate area where Shante’s body was found. 
Appellant was the only person to leave the area during the short span of
time in which Shante was killed.  DNA
evidence linked the blood on appellant’s clothes, car door, and hand to Shante.  The likelihood of the DNA belonging to
another individual aside from Shante was 1 in 605 quadrillion.  Appellant walked away from Shante and entered
his car at the same time several witnesses came upon Shante, mortally wounded
and bleeding profusely from multiple injuries. 
Evidence of flight can support an inference of guilt.  See Burks v. State, 876 S.W.2d 877, 903
(Tex. Crim. App. 1994).  Together, this
evidence is sufficient to support the jury’s determination that appellant was
the perpetrator.  See Clayton, 235 S.W.3d at 779–81 (evidence that perpetrator was at
crime scene moments after murder occurred, fled sce­ne, and had motive was
sufficient under the Jackson standard
to establish guilt beyond reasonable doubt); Eguia v. State, 288 S.W.3d 1, 6–7 (Tex. App—Houston
[1st Dist.] 2008, no pet.) (holding evidence sufficient to support murder
conviction where testimony placed defendant at crime scene, DNA analysis linked
victim to blood found on defendant, and expert testimony suggested cuts on defendant’s
hands consistent with self-inflicted injuries received while attacking someone
with a knife).  

The jury may infer intent to cause serious bodily injury from “the acts
and words of the defendant, the manner in which the offense was committed, the
nature of the wounds inflicted, and the relative size and strength of the
parties.”  Nickerson v. State, 69 S.W.3d 661, 667 (Tex. App.—Waco 2002, pet
ref’d) (citing Patrick v. State, 906
S.W.2d 481, 487 (Tex. Crim. App. 1995)). 
The Penal Code defines “serious bodily injury” as “bodily injury that
creates a substantial risk of death or that causes death, serious permanent
disfigurement, or protracted loss or impairment of the function of any bodily
member or organ.”  Tex. Penal Code Ann. § 1.07(a)(46)
(West 2003).  Shante’s
cause of death was trauma and blood loss resulting from multiple stab
wounds.  She was stabbed in the bicep,
cut across the armpit, stabbed along her right jaw, cut on her left cheek, and
stabbed in the back of her neck, severing a major artery and cutting her spinal
cord.  The combination of Shante’s wounds
is sufficient to be considered serious bodily injury, due to the location of
the wounds and the severity of damage such wounds could cause.  The jury may rationally infer that anyone who
stabs and cuts an individual five times, especially in vital areas such as the
jaw and the back of the neck, intends to cause serious bodily injury.  Because the evidence shows appellant intended
to cause serious bodily injury, we need not examine the alternative paragraph
concerning intentionally or knowingly causing Shante’s death.




 

Conclusion

Viewing the evidence in the light
most favorable to the verdict, we conclude that the jury could have rationally
found each element of murder was proven beyond a reasonable doubt.  See
Clayton, 235 S.W.3d at 779–81; Eguia,
288 S.W.3d at 6–7.  We affirm the judgment of the trial court.

 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel consists
of Chief Justice Radack and Justices Alcala and Bland.

 

Do Not Publish.  Tex.
R. App. P. 47.2(b).